Dear Mr. King:
This office is in receipt of your request for an opinion of the Attorney General in regard to establishment of a mayor's court.
You note that Article V, Section 15(A) of the Louisiana Constitution provides that district, family, juvenile, parish and city and magistrate courts existing on the effective date of the constitution are retained. You further point out that R.S.33:441 sets forth the provisions for implementation of a mayor's court in Lawrason Act communities, and Art. XIV, Sec. 18(A) of the Constitution directs that laws which are not in conflict with the Constitution are continued in effect.
Accordingly, you question whether Art. V, Sec. 15(A) requires literally that the mayor's court be in existence on the effective date of the Constitution or whether R.S. 33:441, providing for the creation of mayor's courts in Lawrason Act municipalities, was continued in effect. Therefore, your specific concern is whether a newly incorporated municipality can implement a mayor's court.
We find that La. Const. Article V, Section 20 is pertinent to your inquiry wherein it provides as follows:
 Mayors' courts and justice of peace courts existing on the effective date of this constitution are continued, subject to change by law.
We consider the latter portion of this Article significant wherein it continues the existing mayor's courts and justice of peace courts "subject to change by law", and conclude, as previously observed by this office in Atty. Gen. Op. No. 78-96, that this provision has continued in existence the mayor's courts created prior to the 1974 effective date of the constitution and left it to the discretion of the legislature to terminate an existing mayor's court.
Moreover, Art. V, Sec. 15(A) which retained the district, family, juvenile, parish, city and magistrate courts existing on the effective date of the constitution, further provides that "the legislature by law may abolish or merge trial courts of limited or specialized jurisdiction" and that "the legislature by law may establish trial courts of limited jurisdiction withparish-wide territorial jurisdiction and subject matter jurisdiction which shall be uniform throughout the state." (Emphasis added.)
Atty. Gen. Op. No. 77-170 concluded that there is no authority in the constitution of 1974 for the establishment of a city court, and stated a Mayor's Court in existence would continue but could be abolished by an act of the legislature. In reaching this conclusion comments of Justice Dennis, Chairman of the Drafting Committee for this provision in the Constitutional Convention, were relied upon wherein he observed as follows:
 The basic idea here is to retain the present structure of trial courts of original jurisdiction in the state of Louisiana, and to provide for a mechanism for the legislature to be able to change and reorganize the courts below the district court level as time demands. . . . . Because even today, most of our city and other limited jurisdiction courts are really not constitutional courts. Most of them are created by statute pursuant to a grant of authority in this constitution. So here we are more or less continuing the same thing, except that, we are providing that future courts below the district court level must be established parish-wide and have uniform subject matter jurisdiction throughout the state. This we hope, will provide a vehicle for the legislature if it so desires over the next period of years to move toward either a three level or four leveled court system that would be uniform and consistent throughout the state and would not be fragmented and specialized as it is today.
We do not find the statute providing for the creation of a mayor's court, R.S. 33:441, is consistent with the provisions of Art. V, Sec. 15 which only allows the legislature to establish "trial courts of limited jurisdiction with parish-wide territorial jurisdiction", and Art. V. Sec. 20, which only continues those Mayor's Courts in existence, and further subjects those to change by the legislature.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR